**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEBRA HAGER, | ) | |
| | ) | |
| Plaintiff, | ) | 16 cv 4119 |
| | ) | |
| v. | ) | Judge John Blakey |
| | ) | |
| CITY OF CHICAGO HEIGHTS, a municipal corporation, CHICAGO HEIGHTS POLICE OFFICER JOHN DOE A, CHICAGO HEIGHTS POLICE OFFICER JOHN DOE B, CHICAGO HEIGHTS POLICE OFFICER JOHN DOE C, CHICAGO HEIGHTS POLICE OFFICER JOHN DOE D, CHICAGO HEIGHTS POLICE DETECTIVE JOHN DOE E, THOMAS J. DART as COOK COUNTY SHERIFF in his official capacity, COUNTY OF COOK, and BRUCE HAGER | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | **Jury Trial Demanded** |

**PLAINTIFF'S AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, DEBRA HAGER, through her attorneys, The Law Offices of Eugene K. Hollander, and for her Amended Complaint at Law, states as follows:

**JURISDICTION**

1. This is a civil action seeking damages against Defendants to redress deprivations under color of law of the rights, privileges and immunities secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This civil action also seeks damages against Defendants under the under the common law of Illinois for assault, battery, civil conspiracy and intentional infliction of emotional distress. The jurisdiction of this Court is based upon a federal question pursuant to 28 U.S.C. § 1331. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**VENUE**

2. Venue is properly fixed in this District pursuant to 28 U.S.C. § 1391(b). The Defendants reside or resided in this district and the events giving rise to Plaintiff's claims occurred here.

**PARTIES**

3. Plaintiff, DEBRA HAGER, is currently a citizen of the State of Kentucky and resides in Columbia, Kentucky. At the time of the events set forth in this Complaint, HAGER was a citizen of the State of Illinois and resided in Chicago Heights, Illinois.

4. Defendants JOHN DOE A, JOHN DOE B, JOHN DOE C, and JOHN D were at all pertinent times Chicago Heights police officers. Defendant JOHN DOE E was at all pertinent times a Chicago Heights Police Detective. The aforesaid Defendants were at all relevant times acting within the scope of their employment and under color of law in their individual capacity.

5. Defendant City of Chicago Heights is a municipal corporation and during all relevant times herein was the employer of Defendants JOHN DOE A, JOHN DOE B, JOHN DOE C, JOHN DOE D, and JOHN DOE E.

6. At all times relevant hereto, Defendant Thomas J. Dart was an elected official as the Cook County Sheriff, and on or before April 8, 2015, through his agents, apparent agents and/or employees, operated, maintained, and managed The Cook County Sheriff's Department at 50 W. Washington, Chicago, Cook County, Illinois. This Defendant is being sued in his official capacity.

7. Defendant, County of Cook funds the Cook County Sheriff's office. This Defendant is being sued in its official capacity.

8.    At all times relevant hereto, Defendant BRUCE HAGER, was acting under color of law in his office as a Cook County Sheriff and was employed by Defendant Thomas J. Dart as a Cook County Sheriff's Officer.

**FACTS**

9.    On or about April 6, 2015, Plaintiff's brother, BRUCE HAGER, came to Plaintiff's residence at 1144 Grant Ave., Chicago Heights, Illinois with two Chicago Heights Police Officers and informed her that they were doing a "wellness check" on Plaintiff's mother. When Plaintiff informed Defendant HAGER that their mother had passed away approximately a year earlier, Defendant HAGER became irate and left with the officers.

10.   On April 8, 2015, Plaintiff was at her residence at 1144 Grant Ave.

11.   On that date, Chicago Heights Police Officers JOHN DOE A and JOHN DOE B knocked on Plaintiff's door. When Plaintiff opened the door, JOHN DOE A and JOHN DOE B falsely told her that her vehicle matched the description of a vehicle that had been used in a crime.

12.   Plaintiff, JOHN DOE A, and JOHN DOE B, walked to the driveway of the residence where the vehicle was located. After inspecting the vehicle, JOHN DOE B stated that it was not the vehicle they were looking for.

13.   At that time, JOHN DOE A grabbed Plaintiff and told her that she was under arrest. JOHN DOE A then threw Plaintiff to the ground and forcibly handcuffed her while pressing his knee into her neck and back area. During the arrest, JOHN DOE A forced Plaintiff's arms behind her back while handcuffing her, despite the fact that she informed him of her limited range of motion in her shoulders.

3

14. JOHN DOE A and JOHN DOE B then put Plaintiff into their squad car and transported her to the Chicago Heights Police Station where she was incarcerated until April 9, 2015. She was released from confinement without charges. Following Plaintiff's release, Chicago Heights Police Officers continued to harass her.

15. During her incarceration, Plaintiff made requests for medical care to the officers guarding her cell, JOHN DOE C and JOHN DOE D, and to the detective who interviewed her, JOHN DOE E, including requests for her prescription heart and pain medications. Plaintiff's requests for medical care were refused.

16. During Plaintiff's confinement, Defendant BRUCE HAGER went to her residence and demanded that Plaintiff's son allow him entry to the residence. Defendant HAGER informed Plaintiff's son that if he did not allow him into the residence, he would put him in jail like did to Plaintiff.

17. Upon information and belief, prior to Plaintiff's April 8, 2015 arrest, Defendant BRUCE HAGER contacted one or more of the JOHN DOE defendants, identified himself as a Cook County Sheriff's Officer, and requested that the City of Chicago Heights Police Department arrest the Plaintiff.

18. On various occasions prior to April 8, 2015, Defendant BRUCE HAGER told Plaintiff that officers of the Cook County Sheriff and local police departments, including the City of Chicago Heights, would do favors for each other, such as providing use of each other's lock-up facilities, and that he could have anyone arrested at any time.

19. In or about 2012, a Chicago Heights police officer investigating a crime in Plaintiff's neighborhood told Plaintiff that the Chicago Heights Police Department had previously done a favor for Defendant BRUCE HAGER when its officers agreed to keep an eye on the residence at 1144 Grant Ave.

4

**COUNT I– SECTION 1983 EXCESSIVE FORCE**
**(JOHN DOE A and JOHN DOE B, individually)**

20. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

21. The force used by the Defendant Officers was unreasonable, unprovoked, unnecessary and excessive. Defendant Officers acted with actual malice and with intent to threaten harm with willful and wanton indifference to and conscious disregard for the constitutional statutory rights and safety of the Plaintiff.

22. The excessive force and unlawful detention of Plaintiff by Defendant Officers when said Defendants had no lawful authority to detain Plaintiff or use excessive force against

her, violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution as protected by 42 U.S.C. § 1983.

23. As a direct and proximate consequence of said conduct of Defendant Sheriffs, the Plaintiff suffered violations of her constitutional rights, emotional distress, fear, pain and suffering, and monetary loss and expense.

**WHEREFORE**, the Plaintiff, DEBRA HAGER, prays for judgment against the Defendants JOHN DOE A and JOHN DOE B and demands compensatory damages, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus any other additional relief as this court deems equitable and just.

**COUNT II– SECTION 1983 ILLEGAL SEARCH AND SEIZURE**
**(AGAINST ALL JOHN DOE DEFENDANTS)**

24. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

25. The searches and seizures of Plaintiff's person, property, and belongings

along with the unlawful detention of Plaintiff performed willfully and wantonly by Defendants, as detailed above, were in violation of Plaintiff's right to be free of unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

26. As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiff suffered violations of her constitutional rights, emotional distress, fear, pain and suffering, and monetary loss and expense.

**WHEREFORE**, the Plaintiff, DEBRA HAGER, prays for judgment against the Defendants JOHN DOE A, JOHN DOE B, JOHN DOE C, JOHN DOE D, and JOHN DOE E and demands compensatory damages, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus any other additional relief as this court deems equitable and just.

### COUNT III – SECTION 1983 FALSE IMPRISONMENT
### (AGAINST ALL JOHN DOE DEFENDANTS)

27. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

28. Defendants knowingly caused Plaintiff's detention without probable cause or any other justification, which constitutes deliberate indifference to Plaintiff's rights under the United States Constitution, thus violating the Fourth and Fourteenth Amendments to the United States Constitution.

29. As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiff suffered violations of her constitutional rights, emotional distress, fear, pain and suffering, and monetary loss and expense.

**WHEREFORE**, the Plaintiff, DEBRA HAGER, prays for judgment against the Defendants JOHN DOE A, JOHN DOE B, JOHN DOE C, JOHN DOE D, and JOHN DOE E and demands compensatory damages, and because these Defendants acted maliciously,

wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus any other additional relief as this court deems equitable and just.

### COUNT IV – COMMON LAW FALSE IMPRISONMENT
### (AGAINST ALL JOHN DOE DEFENDANTS)

30. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

31. Plaintiff was restrained by the defendants and the defendants acted without having reasonable grounds to believe that an offense was committed by the plaintiff.

32. As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiff suffered emotional distress, fear, pain and suffering, and monetary loss and expense.

**WHEREFORE**, the Plaintiff, DEBRA HAGER, prays for judgment against the Defendants JOHN DOE A, JOHN DOE B, JOHN DOE C, JOHN DOE D, and JOHN DOE E and demands compensatory damages, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus any other additional relief as this court deems equitable and just.

### COUNT V – SECTION 1983 DELIBERATE INDIFFERENCE
### (AGAINST JOHN DOE C, JOHN DOE D, and JOHN DOE E)

33. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

34. Defendants failed to respond to Plaintiff's requests for medical treatment with deliberate indifference to Plaintiff's rights under the United States Constitution, thus violating Plaintiff's right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

35. As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiff suffered violations of her constitutional rights, emotional distress, fear, pain and suffering, and monetary loss and expense.

7

**WHEREFORE**, the Plaintiff, DEBRA HAGER, prays for judgment against the Defendants JOHN DOE C, JOHN DOE D, and JOHN DOE E and demands compensatory damages, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus any other additional relief as this court deems equitable and just.

## COUNT VI – FAILURE TO FURNISH MEDICAL CARE
### (AGAINST JOHN DOE C, JOHN DOE D, and JOHN DOE E)

36. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

37. Defendants knew from their observations of conditions that Plaintiff was in need of immediate medical care and, through willful and wanton conduct, failed to take reasonable action to summon medical care.

38. As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiff suffered emotional anxiety, fear, pain and suffering, and monetary loss and expense.

**WHEREFORE**, the Plaintiff, DEBRA HAGER, prays for judgment against the Defendants JOHN DOE C, JOHN DOE D, and JOHN DOE E and demands compensatory damages, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus any other additional relief as this court deems equitable and just.

## COUNT VII – SECTION 1983 CIVIL CONSPIRACY
### (AGAINST ALL JOHN DOE DEFENDANTS and BRUCE HAGER)

39. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

40. Defendants knowingly conspired to cause Plaintiff's false arrest and unlawful detention, thus violating the Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States Constitution.

41. In furtherance of that conspiracy, Defendant BRUCE HAGER directed the JOHN DOE Defendants to falsely arrest and detain Plaintiff without probable cause.

42. As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiff suffered violations of her constitutional rights, emotional distress, fear, pain and suffering, and monetary loss and expense.

**WHEREFORE**, the Plaintiff, DEBRA HAGER, prays for judgment against the Defendants JOHN DOE A, JOHN DOE B, JOHN DOE C, JOHN DOE D, JOHN DOE E and BRUCE HAGER and demands compensatory damages, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus any other additional relief as this court deems equitable and just.

### COUNT VIII – COMMON LAW CIVIL CONSPIRACY
### (AGAINST ALL JOHN DOE DEFENDANTS and BRUCE HAGER)

43. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

44. Defendants knowingly conspired to cause Plaintiff's false imprisonment and intentional infliction of emotional distress.

45. In furtherance of that conspiracy, Defendant BRUCE HAGER directed the JOHN DOE Defendants to falsely arrest and detain Plaintiff without probable cause.

46. As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiff suffered violations of her constitutional rights, emotional distress, fear, pain and suffering, and monetary loss and expense.

**WHEREFORE**, the Plaintiff, DEBRA HAGER, prays for judgment against the Defendants JOHN DOE A, JOHN DOE B, JOHN DOE C, JOHN DOE D, JOHN DOE E and BRUCE HAGER and demands compensatory damages, and because these Defendants acted

maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

## COUNT IX – ASSAULT AND BATTERY
### (DEFENDANT JOHN DOE A and JOHN DOE B)

47. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth herein.

48. The intentional and unauthorized physical force against Plaintiff's body and Plaintiff's reasonable apprehension of same, constituted an assault and battery

49. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff DEBRA HAGER prays that this Honorable Court enter judgment in her favor and against Defendant JOHN DOE A and JOHN DOE B for compensatory damages, punitive damages, plus costs.

## COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL JOHN DOE DEFENDANTS and BRUE HAGER)

50. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth herein.

51. The Defendants intentionally subjected Plaintiff to conduct that was extreme and outrageous.

52. The Defendants intended for their extreme and outrageous conduct to inflict severe emotional distress on Plaintiff and/or knew that there was a high probability that their conduct would cause such distress.

53. Plaintiff suffered and continues to suffer from the extreme and outrageous conduct inflicted on her by Defendants.

54. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff DEBRA HAGER prays for judgment and demands compensatory damages against Defendants JOHN DOE A, JOHN DOE B, JOHN DOE C, JOHN DOE D, JOHN DOE E, and BRUCE HAGER, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

### COUNT XI – RESPONDEAT SUPERIOR
### (CITY OF CHICAGO HEIGHTS)

55. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth herein.

56. At all times pertinent, the JOHN DOE defendants were acting within the scope of their employment as police officers for the City of Chicago Heights.

57. The actions of the JOHN DOE defendants in committing assault and battery, false imprisonment, civil conspiracy, failure to furnish medical care, and intentional infliction of emotional distress constitute willful and wanton misconduct.

58. The Defendant City of Chicago Heights is liable for the assault and battery, false imprisonment, civil conspiracy, and intentional infliction of emotional distress committed by the JOHN DOE defendants under the doctrine of respondeat superior.

**WHEREFORE,** Plaintiff DEBRA HAGER prays for judgment and demands compensatory damages against Defendant CITY OF CHICAGO HEIGHTS, plus the costs of this action, plus any other additional relief as this court deems equitable and just.

### COUNT XII – RESPONDEAT SUPERIOR
### (THOMAS J. DART)

59. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth herein.

60. At all times pertinent, BRUCE HAGER was acting within the scope of his employment as a Cook County Sheriff's Officer.

61. The actions of the BRUCE HAGER in committing civil conspiracy to falsely imprison Plaintiff and intentional infliction of emotional distress upon Plaintiff constitute willful and wanton misconduct.

62. The Defendant City of Chicago Heights is liable for the civil conspiracy and intentional infliction of emotional distress committed by the BRUCE HAGER under the doctrine of respondeat superior.

**WHEREFORE,** Plaintiff DEBRA HAGER prays for judgment and demands compensatory damages against Defendant THOMAS J. DART, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

### COUNT XIII – MONELL CLAIM
### (CITY OF CHICAGO HEIGHTS)

63. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

64. The actions of Defendants as alleged above were done pursuant to one or more *de facto* policies, practices and/or customs of the CITY OF CHICAGO HEIGHTS.

65. Among the *de facto* policies of the CITY OF CHICAGO HEIGHTS were:

a. The failure to properly investigate allegations of officer misconduct.

b. The failure to have a system which monitors patterns of alleged officer misconduct.

c. The failure to properly discipline sustained allegations of officer misconduct.

d. The failure to properly maintain records of misconduct and allegations of misconduct, including the use of excessive force, false imprisonment, and illegal search and seizure.

e. The failure to properly hire, train, monitor, and/or supervise officers.

66. The aforementioned policies, practices, and customs, individually and collectively, have been maintained and/or implemented with deliberate indifference by the Defendant CITY OF CHICAGO HEIGHTS, and its subsidiary departments, and were the moving force behind the JOHN DOE Defendants to commit the aforesaid wrongful acts against Plaintiff, and therefore acted as a direct and proximate cause of the complained of Constitutional and other legal violations, and Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, DEBRA HAGER, prays for judgment against Defendant CITY OF CHICAGO HEIGHTS, for compensatory damages plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

### COUNT XIV– MONELL CLAIM
### (THOMAS J. DART)

67. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

68. The actions of Defendants as alleged above were done pursuant to one or more *de facto* policies, practices and/or customs of Thomas J. Dart as Cook County Sheriff.

69. Among the *de facto* policies of Cook County and Thomas J. Dart as Cook County Sheriff were:

> a. The failure to properly investigate allegations of sheriff misconduct and abuse of power.
>
> b. The failure to have a system which monitors patterns of alleged sheriff misconduct and abuse of power.
>
> c. The failure to properly discipline sustained allegations of sheriff misconduct and abuse of power.

13

      d. The failure to properly maintain records of misconduct and allegations of misconduct, including the use of excessive force, false imprisonment, illegal search and seizure and abuse of power.

      e. The failure to properly hire, train, monitor, and/or supervise sheriffs.

70. The aforementioned policies, practices, and customs, individually and collectively, have been maintained and/or implemented with deliberate indifference by the Defendant Thomas J. Dart as Cook County Sheriff, and were the moving force behind BRUCE HAGER to commit the aforesaid wrongful acts against Plaintiff, and therefore acted as a direct and proximate cause of the complained of Constitutional and other legal violations, and Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, DEBRA HAGER, prays for judgment against Defendant Thomas J. Dart as Cook County Sheriff, for compensatory damages plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

### COUNT XV– 745 ILCS 10/9-102 -- INDEMNIFICATION
### (CITY OF CHICAGO HEIGHTS)

71. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

72. Defendant CITY OF CHICAGO HEIGHTS, was the employer of the JOHN DOE Defendants.

73. The JOHN DOE Defendants committed the above acts under the color of law and while they were employees of the CITY OF CHICAGO HEIGHTS.

**WHEREFORE**, should JOHN DOE A, JOHN DOE B, JOHN DOE C, JOHN DOE D, or JOHN DOE E be liable on any of the claims set forth above, Plaintiff, DEBRA HAGER, demands that pursuant to 745 ILCS 10/9-102, the Defendant CITY OF CHICAGO HEIGHTS,

be found liable for any judgment obtained thereon against JOHN DOE A, JOHN DOE B, JOHN DOE C, JOHN DOE D, or JOHN DOE E, including attorney's fees and costs awarded.

### COUNT XVI – 745 ILCS 10/9-102 -- INDEMNIFICATION
**(COUNTY OF COOK and THOMAS J. DART)**

74. Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

75. Defendant Thomas J. Dart as Cook County Sheriff, was the employer of Defendant BRUCE HAGER.

76. Defendant HAGER committed the above acts under the color of law and while he was an employee of Thomas J. Dart as Cook County Sheriff.

77. The office of the Cook County Sheriff is funded by the County of Cook and the County of Cook is required to pay a judgment entered against the Sheriff in his official capacity.

**WHEREFORE**, should the Defendant Thomas J. Dart as Cook County Sheriff be liable on any of the claims set forth above, Plaintiff, DEBRA HAGER, demands that pursuant to 745 ILCS 10/9-102, the Defendants County of Cook and Thomas J. Dart as Cook County Sheriff, be found liable for any judgment obtained thereon against Defendant BRUCE HAGER, including attorney's fees and costs awarded.

    Respectfully submitted,
    **DEBRA HAGER**

By: /s/ Paul W. Ryan
    One of her attorneys

Eugene K. Hollander
Paul W. Ryan
Jonathan L. Hoeven
The Law Offices of Eugene K. Hollander
230 W. Monroe
Suite 1900
Chicago, IL 60602
(312) 425-9100