## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA HAGER, | ) | |
| | ) | |
| Plaintiff, | ) | 16 cv 4119 |
| | ) | |
| v. | ) | Judge John Blakey |
| | ) | |
| CITY OF CHICAGO HEIGHTS, a municipal | ) | |
| corporation, CHICAGO HEIGHTS POLICE DETECTIVE | ) | |
| JOHN GIPSON, CHICAGO HEIGHTS POLICE | ) | |
| DETECTIVE ANTHONY BRUNO, CHICAGO HEIGHTS | ) | |
| POLICE DETECTIVE BLAKE NAYLOR, CHICAGO | ) | |
| HEIGHTS POLICE DETECTIVE MIKAL ELAMIN, | ) | |
| CHICAGO HEIGHTS POLICE DETECTIVE WILLIAM | ) | |
| HENDERSON, CHICAGO HEIGHTS POLICE OFFICER | ) | |
| JOSEPH STITH, CHICAGO HEIGHTS POLICE | ) | |
| OFFICER JOSEPH ESTOCK, CHICAGO HEIGHTS | ) | |
| POLICE OFFICER MALRON JETT, THOMAS J. DART | ) | |
| as COOK COUNTY SHERIFF in his official capacity, | ) | |
| COUNTY OF COOK, and BRUCE HAGER | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT MALRON JETT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW

NOW COMES Defendant, MALRON JETT ("Jett"), by and through his attorney, K. Austin Zimmer of DEL GALDO LAW GROUP, LLC, and in answer to Plaintiff's Second Amended Complaint at Law states as follows:

### JURISDICTION

1.      This is a civil action seeking damages against Defendants to redress deprivations under color of law of the rights, privileges and immunities secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This civil action also seeks damages against Defendants under the under the common law of Illinois for assault, battery, civil conspiracy and intentional infliction of emotional distress. The jurisdiction

1

of this Court is based upon a federal question pursuant to 28 U.S.C. § 1331. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**ANSWER: Jett admits that this is an action filed under 42 U.S.C. § 1983 and this Court has proper jurisdiction. All other allegations not specifically admitted are denied.**

### VENUE

2. Venue is properly fixed in this District pursuant to 28 U.S.C. § 1391(b). The Defendants reside or resided in this district and the events giving rise to Plaintiff's claims occurred here.

**ANSWER: Jett admits venue is proper.**

### PARTIES

3. Plaintiff, DEBRA HAGER, is currently a citizen of the State of Kentucky and resides in Columbia, Kentucky. At the time of the events set forth in this Complaint, HAGER was a citizen of the State of Illinois and resided in Chicago Heights, Illinois.

**ANSWER: Jett lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 3.**

4. Defendants JOHN GIPSON, ANTHONY BRUNO, BLAKE NAYLOR, MIKAL ELAMIN, and WILLIAM HENDERSON were at all pertinent times Chicago Heights police detectives. Defendants JOSEPH STITH, JOSEPH ESTOCK and MALRON JETT were at all pertinent times a [*sic*] Chicago Heights Police Officers. The aforesaid Defendants were at all relevant times acting within the scope of their employment and under color of law in their individual capacity.

**ANSWER: Jett admits that Gipson, Bruno, Naylor, Henderson, and Elamin were detectives with the Chicago Heights Police Department at all pertinent times. Jett admits that Stith was a police officer with the Chicago Heights Police Department at all pertinent**

2

**times. Jett admits that Defendants were at all relevant times acting within the scope of their employment and under color of law in their individual capacity. Jett denies the remaining allegations contained within Paragraph No. 4.**

5. Defendant City of Chicago Heights is a municipal corporation and during all relevant times herein was the employer of Defendants JOHN GIPSON, ANTHONY BRUNO, BLAKE NAYLOR, MIKAL ELAMIN, WILLIAM HENDERSON, JOSEPH STITH, JOSEPH ESTOCK, and MALRON JETT.

**ANSWER:    Jett admits the allegations contained in Paragraph No. 5.**

6. At all times relevant hereto, Defendant Thomas J. Dart was an elected official as the Cook County Sheriff, and on or before April 8, 2015, through his agents, apparent agents and/or employees, operated, maintained, and managed the Cook County Sheriff's Department at 50 W. Washington, Chicago, Cook County, Illinois. This Defendant is being sued in his official capacity.

**ANSWER:    Jett lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 6.**

7. Defendant, County of Cook funds the Cook County Sheriff's office. This Defendant is being sued in its official capacity.

**ANSWER:    Jett lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 7.**

8. At all times relevant hereto, Defendant BRUCE HAGER, was acting under color of law in his office as a Cook County Sheriff and was employed by Defendant Thomas J. Dart as a Cook County Sheriff's Officer.

**ANSWER: Jett lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 8.**

## FACTS

9. On or about April 6, 2015, Plaintiff's brother, BRUCE HAGER, came to Plaintiff's residence at 1144 Grant Ave., Chicago Heights, Illinois with two Chicago Heights Police Officers and informed her that they were doing a "wellness check" on Plaintiff's mother. When Plaintiff informed Defendant HAGER that their mother had passed away approximately a year earlier, Defendant HAGER became irate and left with the officers.

**ANSWER: Jett lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 9.**

10. On April 8, 2015, Plaintiff was at her residence at 1144 Grant Ave.

**ANSWER: Jett lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 10.**

11. On that date, Chicago Heights Police Detectives JOHN GIPSON, ANTHONY BRUNO and BLAKE NAYLOR were present at Plaintiff's residence pursuant to the request of Chicago Heights Police Detective MIKAL ELAMIN. Two of the detectives falsely told Plaintiff that her vehicle matched the description of a vehicle that had been used in a crime.

**ANSWER: Jett lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 11.**

12. Plaintiff and said Detectives walked to the driveway of the residence where the vehicle was located. After inspecting the vehicle, one of the Detectives stated that it was not the vehicle they were looking for.

**ANSWER:    Jett lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 12.**

13.    At that time, one of the detectives grabbed Plaintiff and told her that she was under arrest. One of the detectives then threw Plaintiff to the ground and forcibly handcuffed her while pressing his knee into her neck and back area. During the arrest, one of the detectives forced Plaintiff's arms behind her back while handcuffing her, despite the fact that she informed him of her limited range of motion in her shoulders.

**ANSWER:    Jett lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 13.**

14.    Two of the Detectives then put Plaintiff into their squad car and transported her to the Chicago Heights Police Station where she was incarcerated until April 9, 2015. She was released from confinement without charges. Following Plaintiff's release, Chicago Heights Police Officers continued to harass her.

**ANSWER:    Jett lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 14.**

15.    During Plaintiff's incarceration, JOSEPH STITH, JOSEPH ESTOCK and MALRON JETT were the officers working in the Chicago Heights Police Department lockup. Plaintiff made requests for medical care to two of these officers, who were guarding her cell, and to the detective who interviewed her, WILLIAM HENDERSON, including requests for her prescription heart and pain medications. Plaintiff's requests for medical care were refused.

**ANSWER:    Jett admits that he, JOSEPH STITH, and JOSEPH ESTOCK worked in the Chicago Heights Police Department lockup on April 8, 2015 and that he and JOSEPH**

**ESTOCK worked in the Chicago Heights Police Department lockup on April 9, 2015. Jett denies the remaining allegations contained in Paragraph No. 15.**

16.     During Plaintiff's confinement, Defendant BRUCE HAGER went to her residence and demanded that Plaintiff's son allow him entry to the residence. Defendant HAGER informed Plaintiff's son that if he did not allow him into the residence, he would put him in jail like did to Plaintiff.

**ANSWER:     Jett lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 16.**

17.     Upon information and belief, prior to Plaintiff's April 8, 2015 arrest, Defendant BRUCE HAGER contacted one or more of the City of Chicago Heights defendants, identified himself as a Cook County Sheriff's Officer, and requested that the City of Chicago Heights Police Department arrest the Plaintiff.

**ANSWER:     Jett lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 17.**

18.     On various occasions prior to April 8, 2015, Defendant BRUCE HAGER told Plaintiff that officers of the Cook County Sheriff and local police departments, including the City of Chicago Heights, would do favors for each other, such as providing use of each other's lock-up facilities, and that he could have anyone arrested at any time.

**ANSWER:     Jett lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 18.**

19.     In or about 2012, a Chicago Heights police officer investigating a crime in Plaintiff's neighborhood told Plaintiff that the Chicago Heights Police Department had previously done a

favor for Defendant BRUCE HAGER when its officers agreed to keep an eye on the residence at 1144 Grant Ave.

**ANSWER:    Jett lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 19.**

### COUNT I – SECTION 1983 EXCESSIVE FORCE
### (JOHN GIPSON, ANTHONY BRUNO, and BLAKE NAYLOR)

The allegations contained in Count I of the Plaintiff's Second Amended Complaint are directed at Defendants JOHN GIPSON, ANTHONY BRUNO and BLAKE NAYLOR; therefore, Defendant MALRON JETT makes no answer to Count I of the Plaintiff's Second Amended Complaint. To the extent that the allegations contained in Count I of the Plaintiff's Second Amended Complaint are construed against Defendant MALRON JETT, Defendant MALRON JETT denies said allegations.

### COUNT II – SECTION 1983 ILLEGAL SEARCH AND SEIZURE
### (AGAINST ALL INDIVIDUAL CITY OF CHICAGO HEIGHTS DEFENDANTS)

24.    Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

**ANSWER:    Jett restates and reincorporates his answers to Paragraphs 1 through 19 as his answer to Paragraph No. 24.**

25.    The searches and seizures of Plaintiff's person, property, and belongings along with the unlawful detention of Plaintiff performed willfully and wantonly by Defendants, as detailed above, were in violation of Plaintiff's right to be free of unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

**ANSWER:    Jett denies the allegations contained in Paragraph No. 25.**

26.     As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiff suffered violations of her constitutional rights, emotional distress, fear, pain and suffering, and monetary loss and expense.

**ANSWER:     Jett denies the allegations contained in Paragraph No. 26.**

WHEREFORE, the Defendant, MALRON JETT, hereby seeks dismissal of Count II of the Plaintiff's Second Amended Complaint, and for such other relief as this Court deems just and proper.

<div align="center">

**COUNT III – SECTION 1983 FALSE IMPRISONMENT**
**(AGAINST ALL INDIVIDUAL CITY OF CHICAGO HEIGHTS DEFENDANTS)**

</div>

27.     Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

**ANSWER:     Jett restates and reincorporates his answers to Paragraphs 1 through 19 as his answer to Paragraph No. 27.**

28.     Defendants knowingly caused Plaintiff's detention without probable cause or any other justification, which constitutes deliberate indifference to Plaintiff's rights under the United States Constitution, thus violating the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:     Jett denies the allegations contained in Paragraph No. 28.**

29.     As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiff suffered violations of her constitutional rights, emotional distress, fear, pain and suffering, and monetary loss and expense.

**ANSWER:     Jett denies the allegations contained in Paragraph No. 29.**

WHEREFORE, the Defendant, MALRON JETT, hereby seeks dismissal of Count III of the Plaintiff's Second Amended Complaint, and for such other relief as this Court deems just and proper.

## COUNT IV – COMMON LAW FALSE IMPRISONMENT
### (AGAINST ALL INDIVIDUAL CITY OF CHICAGO HEIGHTS DEFENDANTS)

In lieu of answering Count IV of Plaintiff's Second Amended Complaint, Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## COUNT V – SECTION 1983 DELIBERATE INDIFFERENCE
### (AGAINST JOSEPH STITH, JOSEPH ESTOCK, MALRON JETT and WILLIAM HENDERSON)

30.     Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

**ANSWER:    Jett restates and reincorporates his answers to Paragraphs 1 through 19 as his answer to Paragraph No. 33.**

31.     Defendants failed to respond to Plaintiff's requests for medical treatment with deliberate indifference to Plaintiff's rights under the United States Constitution, thus violating Plaintiff's right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

**ANSWER:    Jett denies the allegations contained in Paragraph No. 34.**

32.     As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiff suffered violations of her constitutional rights, emotional distress, fear, pain and suffering, and monetary loss and expense.

**ANSWER:    Jett denies the allegations contained in Paragraph No. 35.**

9

WHEREFORE, the Defendant, MALRON JETT, hereby seeks dismissal of Count V of the Plaintiff's Second Amended Complaint, and for such other relief as this Court deems just and proper.

## COUNT VI – FAILURE TO FURNISH MEDICAL CARE
### (AGAINST JOSEPH STITH, JOSEPH ESTOCK, MALRON JETT and WILLIAM HENDERSON)

In lieu of answering Count VI of Plaintiff's Second Amended Complaint, Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## COUNT VII – SECTION 1983 CIVIL CONSPIRACY
### (AGAINST ALL INDIVIDUAL CITY OF CHICAGO HEIGHTS DEFENDANTS and BRUCE HAGER)

33.    Plaintiff reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth therein.

**ANSWER:    Jett restates and reincorporates his answers to Paragraphs 1 through 19 as his answer to Paragraph No. 39.**

34.    Defendants knowingly conspired to cause Plaintiff's false arrest and unlawful detention, thus violating the Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States Constitution.

**ANSWER:    Jett denies the allegations contained in Paragraph No. 40.**

35.    In furtherance of that conspiracy, Defendant BRUCE HAGER directed the CITY OF CHICAGO HEIGHTS Defendants to falsely arrest and detain Plaintiff without probable cause.

**ANSWER:    Jett denies the allegations contained in Paragraph No. 41.**

36.    As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiff suffered violations of her constitutional rights, emotional distress, fear, pain and suffering, and monetary loss and expense.

**ANSWER:    Jett denies the allegations contained in Paragraph No. 42.**

WHEREFORE, the Defendant, MALRON JETT, hereby seeks dismissal of Count VII of the Plaintiff's Second Amended Complaint, and for such other relief as this Court deems just and proper.

## COUNT VIII – COMMON LAW CIVIL CONSPIRACY
### (AGAINST ALL INDIVIDUAL CITY OF CHICAGO HEIGHTS DEFENDANTS and BRUCE HAGER)

In lieu of answering Count VIII of Plaintiff's Second Amended Complaint, Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## COUNT IX – ASSAULT AND BATTERY
### (AGAINST JOHN GIPSON, ANTHONY BRUNO, and BLAKE NAYLOR)

The allegations contained in Count IX of the Plaintiff's Second Amended Complaint are directed at Defendants JOHN GIPSON, ANTHONY BRUNO and BLAKE NAYLOR; therefore, Defendant MALRON JETT makes no answer to Count IX of the Plaintiff's Second Amended Complaint. To the extent that the allegations contained in Count IX of the Plaintiff's Second Amended Complaint are construed against Defendant MALRON JETT, Defendant MALRON JETT denies said allegations.

## COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL INDIVIDUAL CITY OF CHICAGO HEIGHTS DEFENDANTS and BRUCE HAGER)

In lieu of answering Count X of Plaintiff's Second Amended Complaint, Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## COUNT XI – RESPONDEAT SUPERIOR
### (CITY OF CHICAGO HEIGHTS)

The allegations contained in Count XI of the Plaintiff's Second Amended Complaint are directed at Defendant CITY OF CHICAGO HEIGHTS; therefore, Defendant MALRON JETT makes no answer to Count XI of the Plaintiff's Second Amended Complaint. To the extent that the allegations contained in Count XI of the Plaintiff's Second Amended Complaint are

11

construed against Defendant MALRON JETT, Defendant MALRON JETT denies said allegations.

### COUNT XII – RESPONDEAT SUPERIOR
### (THOMAS J. DART)

The allegations contained in Count XII of the Plaintiff's Second Amended Complaint are directed at Defendant THOMAS J. DART; therefore, Defendant MALRON JETT makes no answer to Count XII of the Plaintiff's Second Amended Complaint. To the extent that the allegations contained in Count XII of the Plaintiff's Second Amended Complaint are construed against Defendant MALRON JETT, Defendant MALRON JETT denies said allegations.

### COUNT XIII – MONELL CLAIM
### (CITY OF CHICAGO HEIGHTS)

The allegations contained in Count XIII of the Plaintiff's Second Amended Complaint are directed at Defendant CITY OF CHICAGO HEIGHTS; therefore, Defendant MALRON JETT makes no answer to Count XIII of the Plaintiff's Second Amended Complaint. To the extent that the allegations contained in Count XIII of the Plaintiff's Second Amended Complaint are construed against Defendant MALRON JETT, Defendant MALRON JETT denies said allegations.

### COUNT XIV – MONELL CLAIM
### (THOMAS J. DART)

The allegations contained in Count XIV of the Plaintiff's Second Amended Complaint are directed at Defendant THOMAS J. DART; therefore, Defendant MALRON JETT makes no answer to Count XIV of the Plaintiff's Second Amended Complaint. To the extent that the allegations contained in Count XIV of the Plaintiff's Second Amended Complaint are construed against Defendant MALRON JETT, Defendant MALRON JETT denies said allegations.

12

## COUNT XV – 745 ILCS 10/9-102 – INDEMNIFICATION
### (CITY OF CHICAGO HEIGHTS)

The allegations contained in Count XV of the Plaintiff's Second Amended Complaint are directed at Defendant CITY OF CHICAGO HEIGHTS; therefore, Defendant MALRON JETT makes no answer to Count XV of the Plaintiff's Second Amended Complaint. To the extent that the allegations contained in Count XV of the Plaintiff's Second Amended Complaint are construed against Defendant MALRON JETT, Defendant MALRON JETT denies said allegations.

## COUNT XVI – 745 ILCS 10/9-102 – INDEMNIFICATION
### (COUNTY OF COOK and THOMAS J. DART)

The allegations contained in Count XVI of the Plaintiff's Second Amended Complaint are directed at Defendants COUNTY OF COOK and THOMAS J. DART; therefore, Defendant MALRON JETT makes no answer to Count XVI of the Plaintiff's Second Amended Complaint. To the extent that the allegations contained in Count XVI of the Plaintiff's Second Amended Complaint are construed against Defendant MALRON JETT, Defendant MALRON JETT denies said allegations.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, MALRON JETT ("Jett"), by and through his attorney, K. Austin Zimmer of Del Galdo Law Group, LLC, and hereby sets forth his affirmative defenses to the Plaintiff's Second Amended Complaint as follows:

1. At all times relevant hereto, there was in effect in Illinois, a statute commonly known as the Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/1-101, et seq.

2. Under the Tort Immunity Act, Jett, a public employee, is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such

13

discretion even though abused. 745 ILCS 10/2-201. Accordingly, Plaintiff's claims against Jett are barred, in whole or in part, by the Tort Immunity Act.

3.      Under the Tort Immunity Act, Jett, a public employee, is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202. Accordingly, Plaintiff's claims against Jett are barred, in whole or in part, by the Tort Immunity Act.

4.      Under the Tort Immunity Act, Jett, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204. Accordingly, Plaintiff's claims against Jett are barred, in whole or in part, by the Tort Immunity Act.

5.      Under the Tort Immunity Act, Jett, a public employee, is not liable for an injury caused by his adoption of, or failure to adopt, an enactment, or by his failure to enforce any law. 745 ILCS 10/2-205. Accordingly, Plaintiff's claims against Jett are barred, in whole or in part, by the Tort Immunity Act.

6.      Probable cause existed for the arrest of Plaintiff. Accordingly, Plaintiff's claims against Jett are barred, in whole or in part, by the Tort Immunity Act.

7.      At all relevant times, Jett acted as a lock-up aide for the City of Chicago Heights and is entitled to qualified immunity for his actions, as he was not acting in his individual capacity.

8.      To the extent that the Plaintiff is entitled to any damages, which Jett expressly denies, the Plaintiff failed to use reasonable efforts to mitigate those damages, and the Plaintiff's damages, if proven, should be eliminated or reduced accordingly.

14

9.     To the extent any injuries or damages claimed by the Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton, and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by the Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to the Plaintiff by the jury in this case, and, if the Plaintiff's fault is determined to exceed fifty percent (50%) of the total cause, then the Plaintiff must be barred from recovery herein.

WHEREFORE, the Defendant, MALRON JETT, requests judgment in his favor and against the Plaintiff with costs assessed against the Plaintiff and in favor of MALRON JETT, and for such other relief as this Court deems just and proper.

<div style="margin-left: 45%;">

Respectfully submitted,
MALRON JETT

By: /s/ K. Austin Zimmer
One of His Attorneys

</div>

K. Austin Zimmer
DEL GALDO LAW GROUP, LLC
1441 S. Harlem Ave.
Berwyn, IL  60402
708-222-7000
708-222-7001 Fax
zimmer@dlglawgroup.com

15